This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 18, AFL-CIO, LOCAL 3022, 2692 and 624**

Petitioners-Appellants,

v.                                                            **NO. 31,365**

**ALBUQUERQUE BERNALILLO COUNTY WATER UTILITY AUTHORITY,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
Albuquerque, NM

for Appellants

Stelzner, Winter, Warburton,
Flores, Sanchez & Dawes, P.A.
Nann M. Winter

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Petitioners American Federation of State, County, and Municipal Employees, Council 18 (AFSCME), AFL-CIO, and AFSCME Local 3022, 2962, and 624 (collectively, the Unions) are labor unions and exclusive bargaining representatives for members employed by Albuquerque Bernalillo County Water Utility Authority (Respondent). The Unions challenge the district court's dismissal of their claims as moot following a breakthrough in negotiations that culminated in new collective bargaining agreements (CBAs) between the Unions and Respondent. The Unions also seek reversal of district court rulings regarding the availability of grandfather status to Respondent's Labor Management Relations Ordinance (LMRO), WUA Ord. §§ 10-2-1 to -17 (2007) under the Public Employee Bargaining Act (the PEBA), NMSA 1978, §§ 10-7E-1 to -26 (2003, as amended through 2005), and whether the LMRO's exclusion of an evergreen provision and binding arbitration in the event of impasse is fatal to its enforceability. Because we agree with the district court that claims before it became moot upon the Unions' entry into new CBAs with Respondent, we decline to address the remaining points of appeal and affirm.

# I.    BACKGROUND

{2}    In 2010, the Unions and Respondent engaged in negotiations to replace CBAs set to expire on July 13 of that year.  The expiring CBAs established requirements associated with member salaries, insurance programs, retirement benefits, vacation and sick leave, seniority protection of positions, occupational health and safety, furlough and layoff protection, and disciplinary protection.  The parties experienced a breakdown in negotiations to replace the expiring CBAs, and failed to reach new agreements prior to expiration of the existing ones.  On July 15, 2010, the Unions filed a verified petition for a temporary restraining order and preliminary injunction, which was later amended to additionally seek declaratory judgment.

{3}    At issue in the petition was the broader question of whether Respondent's LMRO was required to adhere to the PEBA, which would necessitate an evergreen provision in Respondent's LMRO and oblige Respondent to engage in binding impasse arbitration with the Unions.  It is not disputed that neither requirement of the PEBA was present within Respondent's LMRO.  The Unions contended that without these provisions, Respondent impermissibly possessed "superior bargaining strength." We note that an evergreen provision would have continued the pre-existing CBA's beyond their looming expiration date and until the parties' differences could be resolved through mediation.  The binding impasse arbitration would likewise compel

Respondent to create new CBAs with the Unions.

{4} On the other hand, Respondent argued that it was exempt from those provisions under the PEBA's grandfather clause. The grandfather provision states that the PEBA is inapplicable to a municipal entity with labor ordinances in effect prior to 1991, or to newly created entities that provide previously existing services that are substantively unchanged, use essentially the same employees as its predecessor entity, and maintain a framework for labor organization and collective bargaining. *See* NMSA 1978, §§ 10-7E-24, -24.1 (2005). Pursuant to NMSA 1978, Section 72-1-10 (2005), Respondent had assumed water and wastewater duties previously performed by the City of Albuquerque. The district court agreed with Respondent by way of Order filed on August 12, 2010, finding that the grandfather provision exempted Respondent from compliance with the PEBA. It dissolved the previously issued preliminary injunctions extending the expiring CBAs, and certified the question of grandfather status for appellate review.

{5} Against this ongoing litigative backdrop, the parties nonetheless continued their negotiations. In early October 2010, Local 624 and 2962 and its members reached separate agreements with Respondent on new CBAs covering the period of time between October 4, 2010 through June 30, 2013. Shortly thereafter, Local 3022 memorialized its own replacement CBA with Respondent, also extending through

4

June 2013 but commencing on November 17, 2010. All told, four months had passed between the inception of the Unions' legal claims and execution of the contracts that resolved the labor standoff.

{6} On May 4, 2011, Respondent submitted its motion to dismiss. It maintained that the new CBAs rendered all claims moot, and alternatively sought summary judgment as to Local 3022 based upon language in its agreement that deemed all pending litigation between Local 3022 and Respondent to be resolved. Six days later, the district court entered its order of dismissal. The court found that because the "new [CBAs] have been entered into by the parties, and that [Petitioner] Local 3022 settled its claims . . . as part of its . . . agreement[,] no actual controversy exists and [the Unions' claims are] dismissed with prejudice on grounds of mootness." The Unions now appeal from the order of dismissal and previous rulings made by the court prior to the agreements being reached.

## II. DISCUSSION

{7} We review de novo whether the Unions' claims are moot. *Am. Fed'n of State, Cnty., and Mun. Emps. (AFSCME), Council 18 v. City of Albuquerque*, 2013-NMCA-012, ¶ 24, 293 P.3d 943, *cert. granted*, 2013-NMCERT-001, 299 P.3d 863. "A case will be dismissed for mootness if no actual controversy exists." *City of Las Cruces v. El Paso Elec. Co.*, 1998-NMSC-006, ¶ 16, 124 N.M. 640, 954 P.2d 72. An actual

5

controversy exists where (1) there is "a controversy involving rights or other legal relations of the parties seeking declaratory relief"; (2) there is "a claim of right or other legal interest asserted against one who has an interest in contesting the claim;" (3) the "interests of the parties [are] real and adverse;" and lastly, (4) "the issue involved [is] ripe for judicial determination." *Id.*

{8}     In this case, the Unions' contentions became moot when the Unions entered into new CBAs with Respondent. At that juncture, the parties no longer had real and adverse interests, because the parties overcame the temporary breakdown in negotiations and separately contracted with Respondent. As well, there was no longer a controversy to which the judicial system could offer redress following the Unions' successful entry into new CBAs with Respondent. As such, no "actual controversy" exists in this case. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 ("As a general rule, this Court does not decide moot cases. A case is moot when no actual controversy exists, and the court cannot grant actual relief." (internal quotation marks and citations omitted)).

{9}     We nonetheless "may review moot cases that present issues of (1) substantial public interest or (2) which are capable of repetition yet evading review." *Cobb v. N.M. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498; *City of Las Cruces*, 1998-NMSC-006, ¶ 16 ("If no actual controversy exists, a case may

6

not be heard unless the issue is of substantial public interest and is likely to reappear before the court. In such a situation, an exception may be made by a court and the question decided."). "Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for future guidance of public officers, and the likelihood of future recurrence of the question." *Mowrer v. Rusk*, 1980-NMSC-113 ¶13, 95 N.M. 48, 618 P.2d 886 (internal quotation marks and citation omitted). Our "review of moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review is discretionary." *Republican Party of New Mexico v. N.M. Taxation and Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853.

{10} Substantively at issue in this case is the applicability of the PEBA to Respondent and the legality of its LMRO. More specifically, the Unions ask us to determine whether the grandfather provision of the PEBA would apply to Respondent and secondarily, whether an evergreen provision and a binding impasse provision are impermissibly excluded from the LMRO. As explained above, the PEBA is inapplicable to otherwise qualifying newly created municipal entities whose predecessor entities had labor ordinances in effect prior to 1991 by virtue of the PEBA's grandfather provision. If that provision does not apply, then the PEBA

7

would control collective bargaining between the parties, and the Unions would succeed in their suit. At oral argument in this Court, the Unions conceded that the only item that would disqualify Respondent's LMRO from grandfather status is the elimination of a guidelines committee provision from Respondent's LMRO. Counsel for the Unions stated that the limited issue is "whether or not the exclusion of a guidelines committee constitutes a substantial change."

{11} This particularly narrow, moot issue fails in this instance to establish the basis for exception to the mootness doctrine. Whether the absence of the guidelines committee provision is a substantial change is not an issue of substantial public importance. *See Bradbury & Stamm Constr. v. Bd. of Cnty. Comm'rs of Bernalillo Cnty.*, 2001-NMCA-106, ¶ 11, 131 N.M. 293, 35 P.3d 298 (concluding that the substantial public interest exception to mootness was satisfied where the "dispute is not unique to the County[,] involves all governmental entities and their competing legal obligations to resident New Mexico contractors and to the public at large[, and] potentially has a far-ranging impact on public finance and public administration"). We note that this is the first collective bargaining lawsuit brought against Respondent, and at oral argument, the litigants were unaware of any identically situated municipal entity which likewise could generate the same issue if sued and a breakdown in its own collective bargaining negotiations were to occur. Nor would what amounts to an

advisory resolution of this narrow issue affect the public at large: the answer would only impact negotiations for three small Locals (3022, 2962, and 624) composed of less than 500 workers in the speculative, future occurrence of an impasse in labor negotiations. Moreover, the three Locals share a history of success in collective bargaining with Respondent, including the agreements reached in 2010 and those which the 2010 agreements replaced.

{12} Also important to our determination today is the fact that overlapping issues have been accepted on certiorari by, and are set to be argued on August 12, 2013 before, our New Mexico Supreme Court in *AFSCME, Council 18 v. City of Albuquerque*, 2013-NMCA-012, *cert. granted*, 2013-NMCERT-001, 299 P.3d 863. The issues to be considered include whether an evergreen provision is required even in CBA negotiations that are governed by LMROs which are plainly entitled to grandfather status, as well as whether binding impasse procedures must also be included in all, not just PEBA-adherent, LMROs. Final resolution of these issues could well affect future litigation regarding the PEBA's applicability to Respondent in the context of its future collective bargaining with the Unions. That future ruling could also definitively resolve other disputed issues between these litigants, wholly distinct from our own ruling, and potentially create an altogether different landscape for future collective bargaining negotiations. Any opinion now on the mooted issues

9

in which we are asked by the Unions to opine could at this juncture be wholly superfluous. As such, we conclude that the negligible chance this issue recurs as a dispositive point of breakdown in labor negotiations between the Unions and Respondent does not warrant our discretionary application of exceptions to the mootness doctrine in this case, particularly in light of the probable resolution of overlapping issues currently on certiorari to our Supreme Court.

{13}    For these reasons, we hold that the Unions' case is moot and we decline to exercise our discretion to otherwise consider the issue presented by this case under an exception to the mootness doctrine. *See AFSCME, Council 18*, 2013-NMCA-012, ¶¶ 24-27 (concluding in part that the appeal regarding labor negotiations was moot where the union reached an agreement with the city).

**IV.    CONCLUSION**

{14}    For the reasons stated above, we affirm the district court's dismissal of the Unions' case as moot.

{15}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**